UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JIMMY ADAMS, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | )   No.: 22-cv-2125-JBM |
| | ) |
| SCOTT FLANNERY, | ) |
| | ) |
|       Defendant. | ) |

## MERIT REVIEW ORDER – AMENDED COMPLAINT

Plaintiff, proceeding *pro se*, files an amended complaint under 42 U.S.C. § 1983, alleging that Defendant is somehow responsible for Plaintiff becoming infected with COVID-19 while he was detained at the Macon County Jail between October 26, 2021 and November 8, 2021. (Doc. 6). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff has not provided enough information to support a plausible federal claim. *See* Fed. R. Civ. P. 8(a)(2). His amended complaint consists of only two sentences:

> To whom it may concern on the above dates in which Sargent Scott Flannery the leading authority of the Macon County Jail error in judging which resulting myself being infected with the COVID 19.

> To conclude on the grievances situation, their like secret evidence which in most matters are usually disposed of and are not presented…

(Doc. 6 at 5-6). The essential function of a complaint under the civil rules ... is to put the defendant on notice of the plaintiff's claim. *Ross Bros. Const. Co., Inc. v. Int'l Steel Servs., Inc.*, 283 F.3d 867, 872 (7th Cir. 2002) (quoting *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001)). The paucity of information in Plaintiff's amended complaint fails to place Defendant on notice of any claim. Plaintiff's amended complaint is dismissed without prejudice. Plaintiff is granted leave to file a second amended complaint.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's amended complaint is DISMISSED, without prejudice, for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have the opportunity to file a second amended complaint within 30 days from the entry of this Order. Plaintiff's second amended complaint will replace his amended complaint in its entirety. The second amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. Failure to file a timely second amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

ENTERED:  7/21/2022

s/ Joe Billy McDade  
Joe Billy McDade  
United States District Judge